ORIGINAL

JAMES P.C. SILVESTRI, ESQ.
Nevada Bar No. 3603
PYATT SILVESTRI & HANLON
701 Bridger Ave., Suite 600
Las Vegas, Nevada 89101
(702) 383-6000

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FLETCHER JONES OF LAS VEGAS, INC., | ) |
| Plaintiff, | ) CASE NO. CV-S-05-0951-LDG-LRL |
| vs. | ) |
| CONTINENTAL CASUALTY COMPANY, UNITED NATIONAL INSURANCE COMPANY, PERRY & SPANN, A PROFESSIONAL CORPORATION, ALAN WESTBROOK, DOES 1 through 10, and ROE Corporations A through Z, | ) |
| Defendants. | ) |
| UNITED NATIONAL INSURANCE COMPANY | ) |
| Counterclaimant, | ) |
| vs. | ) |
| FLETCHER JONES OF LAS VEGAS, INC., and ROES 1 through 10, inclusive, | ) |
| Counterdefendants. | ) |

## MOTION TO AMEND COMPLAINT TO ADD NEW PARTIES

COMES NOW Plaintiff, FLETCHER JONES OF LAS VEGAS, INC., by and through its attorney of record, James P. C. Silvestri, Esq., of the law firm of Pyatt Silvestri & Hanlon and moves this Honorable Court for an Order allowing it to Amend its pleadings to add new parties, pursuant to FRCP 15.

///

## POINTS AND AUTHORITIES

### A. FACTS

In the present action, FLETCHER JONES OF LAS VEGAS, INC. (hereinafter "FLETCHER JONES") has filed suit against Continental Casualty Company (hereinafter "Continental") and United National Insurance Company (hereinafter "United National") for breach of contract and for various tort liabilities which arise out of the Defendants' failures to fully indemnify Fletcher Jones under two liability policies, for personal injury claims which have been made against FLETCHER JONES.[1]

The Court has approved the parties' Stipulated Discovery Plan and Scheduling Order. The Order specifically states that parties shall have up through and including December 31, 2005, "to amend the pleadings or to add parties."

Since the time of the signing of the Stipulated Discovery Plan and Scheduling Order, the parties have conducted extensive discovery, including depositions of five employees and officers of FLETCHER JONES, claims adjusters form CONTINENTAL and UNITED NATIONAL and attorney Alan Westbrook. The parties have also conducted extensive written discovery from parties as well as witnesses. There is still more discovery being scheduled.

It has now become evident that additional parties need to be added to the lawsuit. Specifically, FLETCHER JONES now seeks to add as parties the relevant agents and brokers which procured the above referenced polices and which agreed to perform certain insurance related functions for FLETCHER JONES. FLETCHER JONES believes that, in good faith, these new parties are liable to FLETCHER JONES as a result of their failure to carry out certain duties for the benefit of FLETCHER JONES. FLETCHER JONES contends that these breaches

---

[1] FLETCHER JONES was sued for personal injury damages as a result of a motor vehicle accident involving one of its employees, Ian Allen. *See* Clark County District Court Case No. A466957 (hereinafter referred to as the "Underlying Litigation"). As a result of the Underlying Litigation, FLETCHER JONES now faces personal exposure in paying damages to the plaintiff in the Underlying Litigation, based upon Defendants' failure to indemnify FLETCHER JONES despite the fact that FLETCHER JONES had purchased sufficient insurance coverage to cover all claims which were made in the Underlying Litigation.

are causally related to the damages that FLETCHER JONES now faces as a result of having to make payment to the plaintiff in the Underlying Litigation.

These new parties include the following:

1. Automotive Risk Management Insurance Services;
2. SNAPP & Associates Insurance Services, Inc.;
3. Steve Stiles, an individual;
4. Lovitt & Touche, Inc.

**B.   LEGAL ARGUMENT**

Federal Rule of Civil Procedure 15(a) states in pertinent part:

> [A] party may amend the parties' pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The federal courts have held that there is a "strong policy in favoring of permitting amendment." *See Puckett v. Park Place Entertainment Corp.*, 332 F.Supp.2d 1349 (D.Nev. 2004). *See also Forsythe v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997), wherein the court ruled that FRCP 15(a) should be applied with extreme liberality.

In the present case, FLETCHER JONES request to amend the pleadings is within the time frame allowed for by the Stipulated Discovery Plan and Scheduling Order. Further, counsel for FLETCHER JONES has discussed the proposed amendment to add new parties with counsel for the existing Defendants, Continental and United National. At this time, no objection has been raised by either party to amend the pleadings to add these new parties. *See* Affidavit of James Silvestri attached hereto as Exhibit "A".

In the present case, as a result of the discovery, it has become apparent that other parties, namely those listed above, owed contractual and legal duties to FLETCHER JONES in order to protect FLETCHER JONES from any personal liability to the Plaintiff in the underlying litigation. It is alleged that these duties have been breached and that these parties now are responsible to FLETCHER JONES for damages for harm suffered by FLETCHER JONES.

///

## C. CONCLUSION

Based upon the foregoing, FLETCHER JONES hereby requests that the Court grant an Order allowing FLETCHER JONES to amend its Complaint to add the following additional parties:

1. Automotive Risk Management Insurance Services;
2. SNAPP & Associates Insurance Services, Inc.;
3. Steve Stiles, an individual;
4. Lovitt & Touche, Inc.

*See* proposed Amended Complaint, attached hereto as Exhibit "B".

DATED: December 27, 2005.

PYATT SILVESTRI & HANLON

/s/ James P. C. Silvestri
JAMES P. C. SILVESTRI, ESQ.
701 Bridger Ave., Suite 600
Las Vegas, NV 89101
Attorneys for Plaintiff

## CERTIFICATE OF MAILING

This is to certify that on the 28 day of December, 2005, I deposited in the United States Mails at Las Vegas, Nevada, postage fully prepaid, a true and correct copy of Motion to Amend Complaint to Add Parties addressed to the following:

Daniel Polsenberg, Esq.
BECKLEY SINGLETON CHTD
530 Las Vegas Blvd. South
Las Vegas, NV 89101

Steven T. Jaffe, Esq.
6655 W. Sahara Avenue
Suite E-102
Las Vegas, NV 89146

Donald Mabry, Esq.
NIELSEN, HALEY & ABBOTT
523 W. Sixth Street, Suite 635
Los Angeles, CA 90014

Thomas T. Locke, Esq.
ROSS DIXON & BELL, LLP
2001 K Street N.W.
Washington, DC 20006

_/s/ Sharon Seely_
An employee of the Firm

JAMES P.C. SILVESTRI, ESQ.
Nevada Bar No. 3603
PYATT SILVESTRI & HANLON
701 Bridger Ave., Suite 600
Las Vegas, Nevada 89101
(702) 383-6000

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FLETCHER JONES OF LAS VEGAS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CONTINENTAL CASUALTY COMPANY, UNITED NATIONAL INSURANCE COMPANY, PERRY & SPANN, A PROFESSIONAL CORPORATION, ALAN WESTBROOK, DOES 1 through 10, and ROE Corporations A through Z, <br><br> Defendants. | CASE NO. CV-S-05-0951-LDG-LRL |
| UNITED NATIONAL INSURANCE COMPANY <br><br> Counterclaimant, <br><br> vs. <br><br> FLETCHER JONES OF LAS VEGAS, INC., and ROES 1 through 10, inclusive, <br><br> Counterdefendants. | |

### AFFIDAVIT OF JAMES P. C. SILVESTRI IN SUPPORT OF MOTION TO AMEND COMPLAINT TO ADD NEW PARTIES

STATE OF NEVADA     )
                    ) ss
COUNTY OF CLARK     )

JAMES P. C. SILVESTRI, being first duly sworn, deposes and says:

1. I am an attorney duly authorized to practice before all courts of the State of Nevada and am attorney of record for Plaintiff, FLETCHER JONES OF LAS

1   VEGAS, INC.

2.  I personally have conducted all of the discovery that has taken place in this case.

3.  As a result of the discovery which has taken place in this case, it has become apparent that other parties need to be added to this lawsuit, i.e.:

    A.  Automotive Risk Management Insurance Services;

    B..  SNAPP & Associates Insurance Services, Inc.;

    C.  Steve Styles, an individual;

    D.  Lovitt & Touche, Inc.

4.  I discussed amending the Complaint with the attorneys for Defendants, United National Insurance Company and Continental Casualty Company. At this time, neither of the Defendants have expressed any objection to amending the Complaint to add the above-referenced parties.

5.  It is, therefore, respectfully requested that this Court grant the Motion to Amend Complaint to Add Parties.

Further affiant sayeth naught.

_____
JAMES P. C. SILVESTRI

Subscribed and sworn to before me this ___ day of December, 2005.

_____
Notary Public in and for said County and State



NOTARY PUBLIC
SHARON L. SECHE
STATE OF NEVADA - COUNTY OF CLARK
MY APPOINTMENT EXP. NOVEMBER 19, 2007
No: 99-59437-1

JAMES P.C. SILVESTRI, ESQ.
Nevada Bar No. 3603
PYATT SILVESTRI & HANLON
701 Bridger Ave., Suite 600
Las Vegas, Nevada 89101
(702) 383-6000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FLETCHER JONES OF LAS VEGAS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>CONTINENTAL CASUALTY COMPANY, UNITED NATIONAL INSURANCE COMPANY, PERRY & SPANN, A PROFESSIONAL CORPORATION, ALAN WESTBROOK, AUTOMOTIVE RISK MANAGEMENT INSURANCE SERVICES, SNAPP & ASSOCIATES INSURANCE SERVICES, INC., STEVE STILES, LOVITT & TOUCHE', INC., DOES I through XX, inclusive, ROE CORPORATIONS XXV through XXX, inclusive,<br><br>Defendants. | CASE NO. CV-S-05-0951-LDG-LRL |

## AMENDED COMPLAINT

COMES NOW, Plaintiff FLETCHER JONES LAS VEGAS, INC., by and through its attorney, JAMES P.C. SILVESTRI, ESQ., of the law firm of PYATT SILVESTRI & HANLON, and for its causes of action against the Defendants, and each of them, complains and alleges as follows:

### JURISDICTION

1. At all times relevant herein, Plaintiff FLETCHER JONES LAS VEGAS, INC. (hereinafter "FLETCHER JONES") was and is a corporation doing business in Las Vegas, Clark County, Nevada.

2. At all times relevant herein, Defendant CONTINENTAL CASUALTY COMPANY (hereinafter, "CONTINENTAL") is a company licensed to sell and engaged in the business of selling insurance in the State of Nevada.

3. At all times relevant herein, Defendant UNITED NATIONAL INSURANCE COMPANY (hereinafter "UNITED NATIONAL") was and is a Pennsylvania domiciled company, licensed, authorized, and engaged in the business of selling insurance in the State of Nevada.

4. At all times relevant herein, Defendant PERRY AND SPANN, A PROFESSIONAL CORPORATION (hereinafter "PERRY") is incorporated in the State of Nevada and is engaged in the practice of law in the state of Nevada.

5. At all times relevant herein, Defendant ALAN WESTBROOK (hereinafter "WESTBROOK") is an attorney licensed to practice law in the State of Nevada.

6. At all times relevant herein, AUTOMOTIVE RISK MANAGEMENT INSURANCE SERVICES (hereinafter, "ARM") is a foreign corporation, licensed to, and conducting business in the State of Nevada.

7. At all times relevant herein, SNAPP & ASSOCIATES INSURANCE SERVICES INC. (hereinafter "SNAPP") is a Nevada corporation conducting business in the State of Nevada.

8. At all times relevant herein, STEVE STILES (hereinafter "STILES") is an insurance agent licensed in the State of Nevada.

9. At all times relevant herein, LOVITT & TOUCHE' INC. (hereinafter "LOVITT") is a foreign corporation, licensed to, and conducting business in the State of Nevada.

10. That the names and capacities of Defendants, DOES I through X, and/or ROE Corporations A through Z, and whether individual, corporate, associate, employee, agent, or otherwise, are unknown to Plaintiff FLETCHER JONES at the time of the filing of her Complaint, and said Plaintiff therefore sues said Defendants by such fictitious names. Said Plaintiff is informed and believes, and therefore alleges, that each of the DOE and ROE Defendants are legally responsible for the injuries and damages to said Plaintiff as herein alleged, as they were involved in the sale of the policies or contracts of insurance or involved in the

1  practice of law which are the subject matter of this action, and/or participated in the processing,
2  acknowledgment, investigation, evaluation and defending of said Plaintiff's claims for benefits
3  under said policies or contracts of insurance. At such time that said Plaintiff determines the true
4  identities of DOES I through X and ROE Corporations A through Z, said Plaintiff will amend
5  its Complaint to set forth the proper names of those Defendants, together with proper charging
6  allegations, pursuant to N.R.C.P. 10(a) and *Hercules-Werke GMBH v. Virostek*, 107 Nev. 873,
7  822 P.2d 1100 (1991).

## FACTUAL BACKGROUND

9  11.  In 2002, ARM, SNAPP, STILES AND LOVITT, acting as agents and brokers for
10  FLETCHER JONES proposed and obtained liability policies of insurance, including, but not
11  limited to liability and excess liability policies of insurance from CONTINENTAL and UNITED
12  NATIONAL.

13  12.  ARM, SNAPP, STILES and LOVITT, as part of their agreement with
14  FLETCHER JONES, agreed to provide certain insurance services to FLETCHER JONES. In
15  addition to other things, ARM, SNAPP, STILES and LOVITT specifically instructed
16  FLETCHER JONES as to how FLETCHER JONES was to provide notice of claims and
17  lawsuits. FLETCHER JONES fully and/or substantially complied with these instructions.

18  13.  On or about November 11, 2002, Mr. Samson Lewis was involved in an
19  automobile accident with a vehicle operated by a FLETCHER JONES employee which resulted
20  in the filing of a law suit entitled *Samson Lewis v. Fletcher Jones Las Vegas, Inc., et al.*, filed in
21  District Court, Clark County, Nevada, case No. A466957 (hereinafter "Underlying Litigation").

22  14.  At the time of the automobile accident of November 11, 2002, FLETCHER
23  JONES maintained a primary liability policy of insurance through CONTINENTAL, Policy No.
24  FAD226869486, with policy limits of $1,000,000.00 per occurrence (hereinafter
25  "CONTINENTAL Policy").

26  15.  At the time of the automobile accident of November 11, 2002, FLETCHER
27  JONES maintained an Excess Third Party Liability Policy with UNITED NATIONAL, Policy
28  No. FCX0000121 which provided coverages of $10,000,000.00 per occurrence (hereinafter

"UNITED NATIONAL Policy").

16. At the time of the automobile accident of November 11, 2002, FLETCHER JONES had been instructed by its agents and brokers, ARM, SNAPP, STILES, AND/OR LOVITT regarding how to provide notice of third party liability claims. FLETCHER JONES fully and/or substantially complied with all such instructions.

17. FLETCHER JONES gave notice of the claim and Underlying Litigation to ARM, SNAPP, STILES AND LOVITT.

18. As a result of the filing of the Underlying Litigation, FLETCHER JONES' primary insurer, CONTINENTAL, pursuant to the CONTINENTAL Policy, retained counsel to defend the underlying litigation. CONTINENTAL retained PERRY and WESTBROOK.

19. PERRY and WESTBROOK filed an answer to the Underlying Litigation on behalf of FLETCHER JONES. CONTINENTAL, PERRY AND WESTBROOK controlled the defense of the litigation.

20. On or about April 20, 2005, FLETCHER JONES was first put on notice that there was a potential for a verdict in the Underlying Litigation in excess of the CONTINENTAL Policy.

21. On or about April 20, 2005, FLETCHER JONES was put on notice for the first time that on or about June 25, 2004, Plaintiff in the Underlying Litigation served WESTBROOK and PERRY with an offer of judgment in the amount of $1,250,000.00. WESTBROOK AND PERRY gave notice of the offer of judgment to CONTINENTAL.

22. Neither CONTINENTAL, WESTBROOK or PERRY told FLETCHER JONES about the offer of judgment until April 20, 2005.

23. It is believed that on or about April 20, 2005, CONTINENTAL, WESTBROOK and PERRY contacted UNITED NATIONAL, and put UNITED NATIONAL on notice of the Underlying Litigation and the offer of judgment.

24. As soon as was practicable, FLETCHER JONES immediately gave notice to UNITED NATIONAL of the Underlying Litigation and requested that UNITED NATIONAL acknowledge coverage for the claim and participate in settlement negotiations and the defense of

Page 4 of 13

1  the action.

2  25.  The trial for the Underlying Litigation was continued from April 20, 2005 to July 11, 2005.

3  26.  On April 21, 2005, without conducting a fair or proper investigation of all circumstances surrounding the claim and the notice provided by FLETCHER JONES, UNITED NATIONAL denied coverage for the Underlying Litigation.

4  27.  FLETCHER JONES has requested that CONTINENTAL agree to fully indemnify FLETCHER JONES for any verdict or judgement rendered in the Underlying Litigation. FLETCHER JONES has also requested that CONTINENTAL settle the claims in the Underlying Litigation. CONTINENTAL has refused the requests of FLETCHER JONES.

## FIRST CAUSE OF ACTION
(Declaratory Relief)

28.  FLETCHER JONES repeats and realleges the allegations contained in Paragraphs 1 through 27 above as though the same were set forth fully herein at length.

29.  There is presently a dispute between Plaintiff and Defendants, as to potential liability coverage under the CONTINENTAL and UNITED NATIONAL Policies.

30.  FLETCHER JONES alleges that CONTINENTAL'S failure to communicate the terms of the offer of judgement, among other actions and failures, constitutes a breach of contract and a violation of the duty of good faith and fair dealing. Based upon these breaches, CONTINENTAL is legally obligated to indemnify FLETCHER JONES up to any amount for which FLETCHER JONES might be liable in the Underlying Litigation.

31.  FLETCHER JONES alleges that the notice it provided to UNITED NATIONAL was timely, under the plain meaning of the UNITED NATIONAL Policy, as it occurred immediately after FLETCHER JONES was informed that there was the potential for a verdict in excess of the CONTINENTAL Policy. Consequently, UNITED NATIONAL's denial of coverage was improper.

32.  FLETCHER JONES further alleges that UNITED NATIONAL has not been prejudiced.

33. FLETCHER JONES further alleges that it is entitled to a declaration by this court that it is entitled to indemnification under the CONTINENTAL and UNITED NATIONAL Policies for the Underlying Litigation.

### SECOND CAUSE OF ACTION
(Breach of Contract–Continental and United National)

34. Plaintiff FLETCHER JONES repeats and realleges paragraphs 1 through 33 as though the same were fully set forth herein at length.

35. Plaintiff FLETCHER JONES purchased an insurance policy from Defendants CONTINENTAL and UNITED NATIONAL for security, protection, peace of mind and the coverages which were provided in each of those policies.

36. Plaintiff FLETCHER JONES has paid premiums to Defendants CONTINENTAL and UNITED NATIONAL for liability insurance coverage, primary and excess. The CONTINENTAL Policy provided limits of $1,000,000.00. The UNITED NATIONAL Policy provided excess limits of $10,000,000.00.

37. CONTINENTAL, among other things, breached its contract with FLETCHER JONES by failing to communicate with FLETCHER JONES and by failing to communicate with the excess carriers of FLETCHER JONES, including but not limited to UNITED NATIONAL.

38. FLETCHER JONES has complied with all terms and conditions contained with the CONTINENTAL Policy.

39. Plaintiff FLETCHER JONES is entitled to coverages under the UNITED NATIONAL Policy with limits of at least $10,000,000.00 in excess of the CONTINENTAL Policy.

40. Defendant UNITED NATIONAL has wrongfully denied coverage for Plaintiff FLETCHER JONES which constitutes a breach of contract.

41. Plaintiff FLETCHER JONES has satisfied all conditions of the UNITED NATIONAL Policy and, therefore, Defendant UNITED NATIONAL's failure to acknowledge coverage is a material breach of contract.

42. As a direct and proximate result of said breaches, Plaintiff FLETCHER JONES is

1  entitled to compensatory and consequential damages in excess of $10,000.00.

2  43.  Plaintiff FLETCHER JONES has also been required to retain the services of an
3  attorney to prosecute this matter and is, therefore, entitled to reasonable attorney's fees and costs
4  of suit incurred herein.

### THIRD CAUSE OF ACTION
(Breach of the Implied Covenant of Good Faith and Fair Dealing–Continental Casualty and United National)

7  44.  Plaintiff FLETCHER JONES repeats and realleges paragraphs 1 through 43 as
8  though the same were fully set forth herein at length.

9  45.  That the covenant of good faith and fair dealing is implied into every contract,
10  including the CONTINENTAL and the UNITED NATIONAL Policies existing between
11  Plaintiff FLETCHER JONES and Defendants CONTINENTAL and UNITED NATIONAL.

12  46.  CONTINENTAL has breached its duty of good faith and fair dealing and
13  continues to breach this duty by, among other things, failing to settle all claims of the Underlying
14  Litigation, failing to acknowledge its obligation to fully defend its insured, FLETCHER JONES,
15  and by failing to communicate with its insured, FLETCHER JONES.

16  47.  That at all times relevant hereto, Defendant UNITED NATIONAL was and
17  continues to be under a duty to investigate the claims brought against its insured, Plaintiff
18  FLETCHER JONES, to interpret its policy of insurance in good faith and to determine coverage
19  fairly and to deal with FLETCHER JONES in good faith.

20  48.  Defendant UNITED NATIONAL has breached the covenant of good faith and fair
21  dealing which it owes to Plaintiff FLETCHER JONES.

22  49.  Defendant UNITED NATIONAL has engaged in malicious, willful, intentional,
23  knowing, reckless and negligent conduct, and such conduct is a breach of the implied covenant of
24  good faith and fair dealing.

25  50.  Defendant UNITED NATIONAL has consciously and deliberately ignored and/or
26  refused Plaintiff FLETCHER JONES' repeated requests for reconsideration of the denial of
27  coverage and such conduct is a breach of the implied covenant of good faith and fair dealing.

28  51.  Defendants CONTINENTAL's and UNITED NATIONAL's conduct is

fraudulent, malicious and oppressive.

52. As a direct and proximate result of the breach of the implied covenant of good faith and fair dealing, Plaintiff FLETCHER JONES is entitled to compensatory and consequential damages in excess of $10,000.00.

53. Plaintiff FLETCHER JONES is further entitled to an award of punitive and/or exemplary damages against Defendants CONTINENTAL and UNITED NATIONAL in an amount in excess of $10,000.00 on the basis of said Defendants' breach of the implied covenant of good faith and fair dealing, and oppressive and malicious conduct in failing to communicate, failing to settle, failing to investigate and failure to properly and fairly handle Plaintiff's claim.

54. Plaintiff FLETCHER JONES has been required to retain the services of an attorney to prosecute this matter and is, therefore, entitled to reasonable attorney's fees and costs of suit incurred therein.

## FOURTH CAUSE OF ACTION
(Breach of Fiduciary Duty--Continental, United National, Perry and Westbrook)

55. Plaintiff FLETCHER JONES repeats and realleges paragraphs 1 through 54 as though the same were fully set forth herein at length.

56. At all times relevant hereto, a fiduciary relationship existed and continues to exist between Plaintiff FLETCHER JONES and Defendants CONTINENTAL, UNITED NATIONAL, PERRY and WESTBROOK.

57. By and through their refusals to provide coverage for the claims made in the Underlying Litigation, Defendants CONTINENTAL and UNITED NATIONAL breached their fiduciary duties owed to the Plaintiff.

58. By and through their failures to protect the interests of their client, PERRY and WESTBROOK have breached their fiduciary duties owed to the Plaintiff.

59. Defendants CONTINENTAL and UNITED NATIONAL have engaged in willful and intentional conduct, done in reckless disregard of its possible results, and such conduct is a breach of fiduciary duty and also constitutes malice in fact.

60. As a direct and proximate result of said breach, Plaintiff FLETCHER JONES is

1  entitled to compensatory and consequential damages in excess of $10,000.00.

2      61.    Plaintiff FLETCHER JONES is further entitled to an award of punitive and/or exemplary damages against Defendants CONTINENTAL and UNITED NATIONAL in an amount in excess of $10,000.00 on the basis of said Defendants' breach of their fiduciary duty and their malice in fact by failing to communicate, failing to settle, failing to investigate and failure to properly and fairly handle Plaintiff's claim.

    62.    Plaintiff FLETCHER JONES has been required to retain the services of an attorney to prosecute this matter and is, therefore, entitled to reasonable attorney's fees and costs of suit incurred therein.

## FIFTH CAUSE OF ACTION
(Breach of Contract–ARM, SNAPP, STILES AND LOVITT)

    63.    Plaintiff FLETCHER JONES repeats and realleges paragraphs 1 through 62 as though the same were fully set forth herein at length.

    64.    FLETCHER JONES contracted with ARM, SNAPP, STILES and LOVITT to provide insurance services, including but not limited to providing an insurance package which included, but was not limited to, liability and excess liability coverage, as well as directing and assisting in claims handling for any claim which was covered by said policies.

    65.    ARM, SNAPP, STILES AND LOVITT received commissions as a result of FLETCHER JONES purchasing said policies.

    66.    ARM, SNAPP, STILES and LOVITT breached their duties to protect FLETCHER JONES by, amongst other things, failing to properly investigate all claims related to the Underlying Litigation and failing to put all proper parties on notice of the claim involved in the Underlying Litigation.

    67.    As a direct and proximate result of said breaches, Plaintiff FLETCHER JONES is entitled to compensatory and consequential damages in excess of $10,000.00.

///

///

///

## SIXTH CAUSE OF ACTION
(Breach of the Implied Covenant of Good Faith and Fair Dealing–ARM, SNAPP, STILES and LOVITT)

68. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 67 above as though the same were set forth fully herein at length.

69. That the covenant of good faith and fair dealing is implied into every contract, including the contracts between FLETCHER JONES and ARM, SNAPP, STILES, and LOVITT.

70. ARM, SNAPP, STILES AND LOVITT have breached the covenant of good faith and fair dealing which they owed to FLETCHER JONES.

71. As a direct and proximate result of the breach of the implied covenant of good faith and fair dealing, Plaintiff FLETCHER JONES is entitled to compensatory and consequential damages in excess of $10,000.00.

72. Plaintiff FLETCHER JONES is further entitled to an award of punitive and/or exemplary damages against Defendants ARM, SNAPP, STILES and LOVITT in an amount in excess of $10,000.00 on the basis of said Defendants' breach of the implied covenant of good faith and fair dealing, and oppressive and malicious conduct.

73. Plaintiff FLETCHER JONES has been required to retain the services of an attorney to prosecute this matter and is, therefore, entitled to reasonable attorney's fees and costs of suit incurred therein.

## SEVENTH CAUSE OF ACTION
(Professional Negligence and Negligence–ARM, SNAPP STILES and LOVITT)

74. Plaintiff FLETCHER JONES repeats and realleges paragraphs 1 through 73 as though the same were fully set forth herein at length.

75. FLETCHER JONES retained the services of ARM, SNAPP STILES and LOVITT to provide insurance services to FLETCHER JONES. ARM, SNAPP, STILES and LOVITT agreed to provide these services to FLETCHER JONES, including but not limited to, providing claims services to FLETCHER JONES as a result of any claim which might be or was covered

under the policies issued by CONTINENTAL AND /OR UNITED NATIONAL.

76. ARM, SNAPP, STILES and LOVITT, owed a duty of due care and professional care to FLETCHER JONES.

77. ARM, SNAPP STILES AND LOVITT breached their duties to FLETCHER JONES.

78. The breach of these duties by ARM, SNAPP, STILES AND LOVITT has caused damages to FLETCHER JONES in an amount in excess of $10,000.00

### EIGHTH CAUSE OF ACTION
(Professional Negligence and Negligence--Perry and Westbrook)

79. Plaintiff FLETCHER JONES repeats and realleges paragraphs 1 through 78 as though the same were fully set forth herein at length.

80. PERRY and WESTBROOK were retained by CONTINENTAL to represent and defend FLETCHER JONES in the Underlying Litigation.

81. PERRY and WESTBROOK owed a duty of professional care to FLETCHER JONES.

82. PERRY and WESTBROOK breached their duty to FLETCHER JONES.

83. The breach of duty by PERRY and WESTBROOK has caused damages to FLETCHER JONES in an amount in excess of $10,000.00

### NINTH CAUSE OF ACTION
(Injunctive Relief)

84. Plaintiff FLETCHER JONES repeats and realleges paragraphs 1 through 83 as though the same were fully set forth herein at length.

85. An injunction should issue enjoining Defendants CONTINENTAL and UNITED NATIONAL from refusing to fulfill their duties and responsibilities under the CONTINENTAL Policy and UNITED NATIONAL Policy, both before, during and after the trial of the Underlying Litigation

86. An injunction should issue enjoining Defendants CONTINENTAL and UNITED

NATIONAL from refusing to fulfill their duties and responsibilities under the CONTINENTAL and UNITED NATIONAL Policies, both before, during and after the trial of the Underlying Litigation. Injunctive relief is necessary to prevent irreparable harm to Plaintiff which includes personal liability, despite the existence of the CONTINENTAL and UNITED NATIONAL Policies which will include garnishment of income, bank accounts, and/or the seizure of Plaintiff's property in order to satisfy any judgment rendered in the Underlying Litigation.

87. An injunction should issue enjoining Defendants CONTINENTAL and UNITED NATIONAL, from refusing to fulfill their duties and responsibilities under the CONTINENTAL and UNITED NATIONAL Policies both before, during and after the trial of the Underlying Litigation because the threatened harm to the Plaintiff also outweighs the potential harm to the Defendants as Plaintiff abided by all terms and conditions of its policies with CONTINENTAL and UNITED NATIONAL and CONTINENTAL and UNITED NATIONAL received reasonable compensation in annual premiums. The injunction will also benefit public interest as the actions of Defendants CONTINENTAL and UNITED NATIONAL should not be permitted to deny coverage where coverage rightfully exists. Furthermore, as demonstrated throughout this pleading, there is a substantial likelihood that Plaintiff will prevail on the merits of the action against Defendants CONTINENTAL and UNITED NATIONAL and coverage will be found to have been wrongfully denied.

88. Plaintiff, therefore, requests that an injunction be issued compelling UNITED NATIONAL to complete a fair and reasonable investigation of all circumstances and prohibiting UNITED NATIONAL from denying coverage or disclaiming coverage for a verdict in the Underlying Litigation.

89. Plaintiff also requests it attorney's fees and costs for being compelled to move for such injunctive relief.

WHEREFORE, Plaintiff FLETCHER JONES, expressly reserving it right to amend its Complaint at anytime before or at the time of trial of the actions therein to include all items of damages not yet ascertained, demands judgment against the Defendants therein, and each of them,

///

as follows:

1. A declaration from this Court that Plaintiff is entitled to full indemnification of all claims from CONTINENTAL and UNITED NATIONAL;

2. General and compensatory damages in an amount in excess of $10,000.00;

3. Miscellaneous and incidental damages in an amount in excess of $10,000.00;

4. Punitive and exemplary damages in an amount in excess of $10,000.00 appropriate to punish and/or deter the Defendants' conduct;

5. For a declaration that Defendants CONTINENTAL and UNITED NATIONAL are estopped to deny coverage;

6. Injunctive relief as defined herein;

7. For reasonable attorney's fees and costs of suit therein; and

8. For such other and further relief as this Honorable Court may deem proper.

DATED this 28 day of December, 2005.

PYATT SILVESTRI & HANLON

JAMES P. C. SILVESTRI, ESQ.
Nevada Bar No. 3603
701 Bridger Ave. Suite 600
Las Vegas, Nevada  89101
(702) 383-6000
Attorneys for Plaintiff